KLESTADT & WINTERS, LLP
Sean C. Southard
Fred Stevens
Brendan M. Scott
570 Seventh Avenue, 17th Floor
New York, New York 10018
(212) 972-3000

*Proposed Attorneys for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MICHAEL MAZZEO ELECTRIC CORPORATION., | : | Case No. 11-14888 |
| Debtor. | : | |
| In re: | : | Chapter 11 |
| MICHAEL MAZZEO DATACOM INC., | : | Case No. 11-14889 |
| Debtor. | : | |

**MOTION OF THE DEBTORS PURSUANT TO
RULE 1015(B) OF THE FEDERAL RULES OF BANKRUPTCY
<u>PROCEDURE FOR JOINT ADMINISTRATION OF CASES</u>**

TO: THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Michael Mazzeo Electric Corp. ("<u>MME</u>"), and Michael Mazzeo Datacom Inc., ("<u>MMD</u>" and together with MME, the "<u>Debtors</u>"), each a debtor and debtor in possession, by and through their proposed counsel, Klestadt & Winters, LLP, as and for their motion for joint administration of the Debtors' cases (the "<u>Motion</u>"), respectfully state as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of Debtors' chapter 11 cases and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND[1]**

A. Procedural Background

2. On October 21, 2011 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code and each case was assigned the case number indicated in the above captions (the "Chapter 11 Cases").

3. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases.

4. To date, the United States Trustee has not yet appointed an official committee of unsecured creditors in these cases.

B. The Debtors' Business

MMEC's Business Operations.

5. MMEC was founded in 1977 by Michael Mazzeo, Jr. The company was incorporated in the State of New York in 1980 and over the past 30 years grew to be one of the largest electrical contractors in the metropolitan New York and surrounding areas.

6. As a long standing contractor with the International Brotherhood of Electrical Workers ("IBEW") and signatory to both IBEW Local Number 3 (NYC) ("Local 3") and 25

---

[1] The Debtors incorporate by reference the *Affidavit of David Parker Pursuant To Local Bankruptcy Rule 1007-2 In Support Of Chapter 11 Petitions and Various First Day Motions* dated October 21, 2011, which sets forth the background of these cases in greater detail.

(Long Island) ("Local 25"), MMEC's core business is the installation of electrical power, lighting, and low voltage systems for large commercial, institutional and industrial customers.

7. MMEC's projects range from minor service/maintenance work that can be completed in a matter of hours to complex multi-million dollar projects that span several years. MMEC was Verizon's Disaster Recovery Contractor and, after the September 11, 2001 terrorist attacks, MMEC responded and mobilized a work force of 150 electricians to Verizon's headquarters at 140 West Street in Manhattan. The building, located at "Ground Zero" was severely damaged by the events of September 11th. MMEC successfully repaired the building's electrical services and over the next three years performed approximately $70 million in services at that site. Each year MMEC provides the work associated with the Tribute in Light and September 11 commemoration services.

8. MMEC's forte is the installation of emergency generators and power distribution systems. MMEC successfully installed hundreds of generators throughout New York City and Long Island for customers including Verizon, Pfizer, Mount Sinai Hospital, Elmhurst Hospital, Harlem Hospital, Lutheran Medical Center, Verizon Business and Sage Realty.

9. In addition, MMEC has a long history of successfully completing projects for many of the area's largest Hospital/Health Care facilities including Mount Sinai, Memorial Sloan Kettering, Weil Cornell, Beth Israel, NYU Medical and St Luke's – Roosevelt.

10. MMEC also has a division that excels in interior fit-out work. Many large scale projects were performed in this sector over the last few years for customers including Tishman Interiors, Structuretone, Turner Corp, and Skanska. The work included all electrical and low voltage systems for office space, lobbies and common space.

11. MMEC's annual revenues steadily grew from $23 million in 2000 to over $58

million in 2008. At its peak, MMEC employed over two hundred electricians and thirty office personnel.

MMD's Business Operations.

12. MMD was incorporated in July of 2006 in the State of New York. The company was formed to deliver excellence and expertise to the growing needs of the telecommunications market. James Vinci Sr. was a veteran of over 30 years in the telecom cabling infrastructure industry when he approached 3 of the owners of Michael Mazzeo Electric Corp. to form a new entity. The idea was to form a Tel-Data installation and service company that would take advantage of the opportunities that often go hand in hand with electrical construction. The initial business model assumed that MMD could grow annual revenues to $25 million per year by the third year of operation. The main industry that MMD targeted and serviced was the financial sector, including Barclays Capital, Lehman Brothers, JP Morgan Chase, Deutsche Bank, FINRA and Bear Sterns.

13. Over the past five years, MMD successfully completed many Tel-Data projects for the clients listed above as well as others including a $7,000,000 project for Turner Construction Company (CM) and the NYS Department of Health (Owner) in Queens, NY.

14. As of October 14, 2011, MMD employed approximately ten IBEW electricians and one project manager.

15. MMD is currently providing Tel-Data work on three MMEC projects.

C. The Debtors Case Objectives

16. Through the Chapter 11 process, the Debtors will seek to formulate and confirm a reorganization plan that will enable the Debtors to pay prepetition claims. The Debtors believe the breathing spell afforded by the automatic stay will allow the Debtor to reorganize and

streamline its affairs so that it can be operated more efficiently. This will benefit both the Debtors and their creditors.

## RELIEF REQUESTED

17. The Debtors hereby seek the joint administration of their chapter 11 cases, for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

18. To the extent that any affiliates of the Debtors subsequently commence chapter 11 cases, the Debtors request that the relief requested herein apply to such debtors and their respective estates.

## GROUNDS FOR RELIEF

19. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides:

"If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."

20. The Debtors are affiliates as that term is defined in § 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested.

21. The Debtors believe that these cases should be administered jointly because the business operations of the Debtors are interdependent. A significant portion of MMD's business amounts to work on MMEC projects. In addition, a majority of the senior management for MME and MMD is the same. Entry of an order directing joint administration of these cases will obviate the need for duplicative notices, applications and orders, and thereby save considerable time and expense for the Debtors and their estates.

22. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file its claim

against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files. Furthermore, supervision of the administrative aspects of the chapter 11 cases by the Office of the United States Trustee will be simplified.

23. By reason of the foregoing, the Debtors submit that the interests of the Debtors, their estates and their creditors would best be served by joint administration of the above-captioned cases.

**NOTICE**

24. Notice of this Motion will be given by e-mail, facsimile transmission, hand delivery or overnight mail or courier service upon: (a) the Debtor's pre-petition lender, by its counsel, (c) the twenty (20) largest unsecured creditors of the Debtors; (d) all known creditors who have or assert liens against the Debtors' assets; (e) the Office of the United States Trustee; and (f) all parties filing a notice of appearance in this case. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

25. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court enter an order granting the relief requested herein, and such other and further relief as may be just.

Dated: New York, New York
October 21, 2011

                                              Respectfully submitted,

                                              KLESTADT & WINTERS, LLP
                                              *Proposed Attorneys to Debtors and Debtors in Possession*

                                              By: */s/ Sean C. Southard*
                                                     Sean C. Southard
                                                     Fred Stevens
                                                     Brendan M. Scott
                                              570 Seventh Avenue, 17th Floor
                                              New York, New York 10018
                                              T: (212) 972-3000
                                              F: (212) 972-2245